## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AYMEN TBAISHAT,

     Plaintiff,                          CASE #

v.

JJR SALES, INC.
HONG TAE, and
LEAH TAE

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AYMEN TBAISHAT (Plaintiff), by and through the undersigned counsel, herein sues Defendants, JJR SALES, INC., HONG TAE, and LEAH TAE (collectively, Defendants) pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and Florida law for unpaid overtime compensation and unpaid commissions and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, AYMEN TBAISHAT, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime

requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3.      Plaintiff worked for Defendants under the job title of Salesman.

4.      Plaintiff was employed with Defendants from approximately August 21, 2013 to May 31, 2022, primarily working from Defendants' office located at 5609 W SLIGH AVE, TAMPA, FL 33634 in Hillsborough County, Florida. After approximately March 2020, Plaintiff regularly worked two to three days a week from his home also located in Hillsborough County, Florida.

5.      Throughout Plaintiff's employment with Defendants he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so but without any additional payment or premium for overtime hours.

6.      Pursuant to policy and plan, Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

7.      The Defendants should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

8.      The allegations in this pleading are made without any admission that,

as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq*.

10.      This Court has personal jurisdiction over this action because the damages at issue occurred in Hillsborough County, Florida.

11.      Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

12.      This Court has Supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

13.      At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

14.      ROCKEY TRADING, is a Florida Fictitious Entity with primary business offices located at 5609 WEST SLIGH AVE, TAMPA, FL 33634. Rockey Trading is or was owned by JJR SALES, INC., Hong Tae and Leah Tae.

15.      Defendant JJR SALES, INC. is the owner of the fictitious entity ROCKEY TRADING and is a Florida Profit Corporation with a principal address of 5609 W SLIGH AVE, TAMPA, FL 33634.  JJR SALES, INC. May be served through its Registered Agent Leah Tae at 5609 W SLIGH AVE, TAMPA, FL 33634.

16.     Defendant Hong Tae is the president of Defendant JJR Sales, Inc., is the owner of the fictitious entity ROCKEY TRADING, is involved with the management and day-to-day operations of ROCKEY TRADING, and created and implemented the compensation plan applicable to Plaintiff.  Hong Tae may be served at his home address of 4503 NIGHT STAR TRL, ODESSA, FL 33556-4261.

17.     Defendant Leah Tae is the director and registered agent of Defendant JJR Sales, Inc., is the owner of the fictitious entity ROCKEY TRADING, is involved with the management and day-to-day operations of ROCKEY TRADING, and created and implemented the compensation plan applicable to Plaintiff.  Leah Tae may be served at her home address of 4503 NIGHT STAR TRL, ODESSA, FL 33556-4261.

18.     The fictitious entity Rockey Trading is a wholesaler of beauty care products and specializes in the sale of hair extensions.

19.     The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendants, as they engage in interstate commerce under the definition of the FLSA and have annual gross revenues of more than $500,000.00 over the past 3 years.

20.     Defendants should be aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiff must be based upon not just the base salary, but the commissions and bonuses as well.

21.    All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

22.    Plaintiff was employed by the Defendants as a Salesman from approximately August 21, 2013 to May 31, 2022.

23.    Plaintiff's primary job duty was to sell Defendants' beauty care products, primarily hair extensions, to other businesses.

24.    All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendants.

25.    Plaintiff did not fire employees or hire employees.

26.    Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

27.    Plaintiff routinely worked in excess of 40 hours per week throughout his employment as a Recruiter.

28.    Defendants paid Plaintiff on a salary plus commissions basis.

29.    Defendants drafted and created the commission structure applicable to Plaintiff.

30.    Defendants promised to pay Plaintiff $2,000 per month for the first $30,000 in sales per month.

31.    Defendants promised to pay Plaintiff 5% of all sales he made that grossed in excess of $30,000 in a month.

32.     Throughout his employment, Plaintiff always achieved in excess of $30,000 or more in sales per month.

33.     Defendants only paid Plaintiff at a rate of 2.5% of all sales in excess of $30,000 per month, and not at the 5% rate as agreed to and promised.

34.     Defendants did not track and record the work hours of Plaintiff.

35.     Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

36.     Defendants did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

37.     Plaintiff's job position was subject to the FLSA wage provisions.

## <u>COUNT I</u>
## <u>Failure to Pay Overtime Compensation in Violation of the FLSA</u>
## <u>29 U.S.C. § 201, *et seq.*</u>

38.     Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

39.     Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

40.    The Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

41.    The overtime wage provision set forth in FLSA Section 207 applies to Defendants as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

42.    Throughout Plaintiff's employment with Defendants as a Salesman, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

43.    Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

44.    Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing of employees.

45.    Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as his primary job duty was to sell Defendants' products to other businesses.

46.    Plaintiff did not make decisions as an exempt administrator would, nor did he create policy.

47.    Plaintiff did not "manage" a department or manage other employees.

48.    Defendants are aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known,

that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

49.     Defendants knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

50.     Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

51.     During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime.  Defendants were aware Plaintiff was working over 40 hours routinely to perform his job duties.

52.     Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours, for the purposes of decreasing labor costs and maximizing profitability.

53.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form.  If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson*

*v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

54.     As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

55.     Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

56.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

57.     Defendants have knowingly, intentionally and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions Plaintiff earned.

58.     Plaintiff entered into a commission contract with Defendants. This contract provided that Defendants would pay Plaintiff 5% of all sales in excess of $30,000 in a month.

59.     Plaintiff performed all of the duties and obligations required of him by Defendants that would entitle him to receive commissions.

60.     Plaintiff has met all lawful conditions precedent to the earning of commissions.

61.     Defendants have not paid Plaintiff for all of the commissions earned by Plaintiff.

62.     Plaintiff has suffered financial harm as a result of Defendants' breach of contract.

## COUNT III
## UNJUST ENRICHMENT

63.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

64.     Plaintiff conferred upon Defendants the benefit of the sales of Defendants' products at the expense of Plaintiff's time, effort, and labor and Defendants had knowledge thereof.

65.     Defendants voluntarily accepted, retained and appreciated the benefit of Plaintiff's sales of Defendants' products.

66.     It would be inequitable for Defendants to retain the value of Plaintiff's sales of Defendants' products without payment for its value.

## COUNT IV
## PROMISSORY ESTOPPEL

67.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

68.     Defendants represented to Plaintiff that he would be paid commissions at agreed upon rates and terms and conditions which Defendants now denies are due and payable.

69.     Plaintiff relied upon Defendants' representation regarding the commission rates and terms and conditions.

70.     Defendants' representation and Plaintiff's reliance thereon caused a change in Plaintiff's position to Plaintiff's detriment.

## COUNT V
## ATTORNEYS FEES

71.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

72.     Recovery of unpaid wages entitles Plaintiff to the recovery of costs of the action and a reasonable attorney's fee pursuant to F.S. § 448.08.

**WHEREFORE**, Plaintiff, AYMEN TBAISHAT, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA); a Judgment finding Plaintiff is due his full commissions as promised by Defendants; award of Plaintiff's attorneys' fees, costs, and expenses (pursuant to F.S. § 448.08); and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated October 5, 2022.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
**Feldman Legal Group**
Florida Bar No.: 080349
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*